**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL LEGAL AND POLICY CENTER ) | |
| 107 Park Washington Court ) | |
| Falls Church, VA 22046 ) | |
| ) | Civil Action No._____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SECURITIES AND EXCHANGE COMMISSION ) | |
| 100 F Street, NE ) | |
| Washington, D.C. 20549-0213 ) | |
| | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff NATIONAL LEGAL AND POLICY CENTER ("NLPC") for its complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to NLPC's FOIA request, following the SEC's failure to comply with the express terms of FOIA, including by failing to, *inter alia*, fulfill its obligation to provide NLPC with the records requested in its FOIA request as its agents promised they would do and by SEC's constructive and actual withholding of responsive information in violation of its statutory obligations.

1

**PARTIES**

2. Plaintiff NLPC is a 501(c)(3) nonprofit shareholder watchdog organization based in Falls Church, Virginia. NLPC's Corporate Integrity Project files shareholder proposals at major U.S. public companies and tracks the conduct of corporate proxy contests, including no-action proceedings before the SEC Division of Corporation Finance.

3. Defendant SEC is a federal commission located in Washington, D.C. The expressly-stated "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation." *About the SEC*, Sec. & Exch. Comm'n (Nov. 22, 2016), available at https://www.sec.gov/about.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the defendant is a federal agency operating in the District of Columbia, because the Plaintiff also operates in the District of Columbia, and because the records are located in the District of Columbia.

6. NLPC need not further exhaust administrative remedies before seeking relief in this Court because Defendant arbitrarily and capriciously failed to produce the requested records despite its promise and duty to do so.

7. NLPC has no obligation to further exhaust administrative remedies with respect to its FOIA requests. *See, e.g., Citizens for Resp. & Ethics in Wash. v. DOJ,* 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement in similar circumstances).

**NLPC'S FOIA REQUEST**

8. On July 2, 2025, NLPC submitted a FOIA request to the SEC seeking records of communication between representatives of three law firms and nine corporations with the SEC's Division of Corporation Finance during two discrete four-month periods: January 1, 2024 to April 30, 2024, and January 1, 2025 to April 30, 2025.  That request coincided with NLPC's pending shareholder proposals to those companies, which could respond to the SEC on the propriety of those proposals during those periods.

9.  On July 3, 2025, the SEC responded by assigning a separate tracking number to each of the three law firms: Request Nos. 25-03354-FOIA, 25-03355-FOIA, 25-03356-FOIA, and assigned Request No. 25-03357-FOIA for correspondence with the nine corporations.

10. On July 3, 2025, Senior FOIA Paralegal (Contractor) Adriana Lauderman, and on July 7, 2025, FOIA Research Specialist Manuel Barragan-Rodriguez, both requested clarification and search terms. NLPC responded on July 7, 2025 to both FOIA officials with detailed clarification and proposed search terms to facilitate SEC's response.

11. On August 8, 2025, after a follow-up inquiry from NLPC, SEC's Mr. Barragan-Rodriguez confirmed in writing that "Your consolidated requests are being processed."

12. On August 21, 2025, in response to NLPC's request for an estimated date for production, Mr. Barragan-Rodriguez stated the agency was "still processing your request and are not able to provide an estimated date for production of responsive records."

13. On January 5, 2026 — six months after NLPC's original request — NLPC requested a concrete commitment from the agency on production. Mr. Barragan-Rodriguez responded the next day with the following written representation: "Documents that are potentially responsive to

3

your request are being reviewed by one of our internal liaisons. Unfortunately, we are unable give you an estimated date of completion for your request."

14.  On January 7, 2026, NLPC requested that responsive documents be provided on a rolling basis.

15. On March 25, 2026, NLPC followed up with the SEC having received no response to its rolling-production request for over two months.  Mr. Barragan-Rodriguez responded the same day with the following written representation: "*This is to let you know that the review of the records is nearly complete. We hope to be able to release all records responsive to your request by April 30.*"

16. April 30, 2026 came and went without any production, communication, or notice of delay from the agency.

17. On May 5, 2026, NLPC emailed Mr. Barragan-Rodriguez with a one-sentence inquiry: "What is the status of the fulfillment of [NLPC's] FOIA request?" The agency did not respond.

18. On May 21, 2026, NLPC left a voicemail for Mr. Barragan-Rodriguez and sent another follow-up email requesting a status update. That afternoon, FOIA Branch Chief Carrie Hyde-Michaels — who had been on the cc line of the correspondence for ten months without engaging — entered the thread for the first time. Ms. Hyde-Michaels stated in writing that the search remained "ongoing" while the agency attempted to "identify the entire universe of records potentially responsive" to the request. She then asked NLPC to agree to limit the scope of the request to emails sent to or from the shareholderproposals@sec.gov inbox, which contents the agency already publishes on its own website.

4

19.  The May 21 message from Branch Chief Hyde-Michaels that the search remained "ongoing" cannot be reconciled with two prior agency representations: (1) On January 6, 2026, the agency told NLPC that documents "potentially responsive to your request are being reviewed by one of our internal liaisons" — an acknowledgment that responsive records had been identified and had progressed to review. (2) On March 25, 2026, the agency stated the review was "nearly complete" and that release was anticipated by April 30. The account of its own progress has not just shifted; it has moved backward, from documents-under-review to universe-not-yet-identified — a regression that occurred over four months during which no responsive records were produced.

20. On May 26, 2026, NLPC sent a formal letter response to Ms. Hyde-Michaels (1) declining to limit the proposed scope of its request along the lines she suggested, (2) asking the agency to reconcile its contradictory representations of the status of NLPC's request in writing, and (3) requesting that the agency confirm a rolling production schedule in writing within 15 business days, consistent with its March 25 commitment that review and production was expected by April 30.  NLPC's May 26 transmittal email also requested that SEC acknowledge receipt of the letter within twenty-four hours. That request went unanswered.

21. On June 18, 2026, after the 15-business-day window in the May 26 letter had closed without any response from the agency, NLPC sent a follow-up email to Ms. Hyde-Michaels noting the closure of the window, noting that the agency had also failed to even honor the 24-hour acknowledgment request, and setting a final deadline of close of business on Monday, June 22, 2026, for a substantive response.

22. On the morning of June 22, 2026, NLPC called Ms. Hyde-Michaels and left a voicemail requesting a substantive response from her by the close-of-business deadline. Later that afternoon, Ms. Hyde-Michaels responded by email.

23. Ms. Hyde-Michaels' June 22 response did not provide any of the three items requested in the May 26 Letter and as reiterated in NLPC's June 18 follow-up: (1) she did not reconcile the agency's March 25 and May 21 conflicting representations; (2) she did not provide a concrete production schedule; and (3) she did not commit to rolling production. The response instead restated her May 21 position verbatim and added three additional features:

a. First, the message mischaracterized NLPC's May 26 decision to maintain the scope of the request as filed as a decision to "broaden" the search. NLPC did not broaden anything. The scope of the original July 2, 2025, request, supplemented by NLPC at the agency's direction on July 7, 2025, remained unchanged. Declining to further narrow a defined and bounded request is not the same as broadening it.

b. Second, the message warned that NLPC's refusal to narrow the request "increases the likelihood that the search results will be so voluminous that your request will need to be processed in our Complex processing track." Complex track processing at the SEC routinely extends FOIA timelines by a year or more. The warning, on this record, reads as a consequence for declining to accept the agency's proposed scope limitation.

c. Third, the message renewed the agency's scope-narrowing demand under softer framing: "If there is any specific information you would be interested in, please let us know, as this would increase the speed with which we are able to complete the processing of your request, and lessen the chance that it will need to be processed in our Complex track due to the volume." This is the same request NLPC declined on May 26, restated.

6

24. On the afternoon of June 22, 2026, NLPC sent a closing acknowledgment to Ms. Hyde-Michaels stating that her response did not address any of the three asks set out in NLPC's May 26 letter, noting that NLPC's decision to maintain the scope of its "specific, defined request as filed" was not a "broadening" of the request as her message claimed, and stating that NLPC would proceed with next steps, including litigation.

25. In short, for most of past 12 months, the SEC's responses to NLPC's FOIA request were dilatory. The records were "being processed," then "still processing," then under "internal liaison review," then in March of this year — "nearly complete," with release expected "by April 30, 2026."  April 30 came and went without a word. NLPC's May 5 status inquiry went unanswered. Only after a voicemail on May 21 did SEC FOIA Branch Chief Carrie Hyde-Michaels surface, ten months into the request. The records were now described as still "ongoing." Would NLPC, she asked, agree to narrow the request to records sent to or from the SEC's shareholderproposals@sec.gov inbox — that is, the inbox whose contents the agency already publishes on its own website?  Enough is enough.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff has sought and has been denied production of responsive records to its FOIA request.

28. Plaintiff has a statutory right under FOIA to the records it seeks, and Defendant has unlawfully withheld the information.

29. Plaintiff is not required to further pursue administrative remedies.

7

30. Plaintiff is being irreparably harmed by Defendant's violation of FOIA and will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

31. Plaintiff has no adequate remedy at law.

32. Plaintiff asks this Court to enter a judgment declaring that:

a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

b. Defendant's processing of Plaintiff's FOIA requests described above is not in accordance with the law, is arbitrary and capricious, and does not satisfy SEC's obligations under FOIA;

c. Defendant SEC must now produce records responsive to Plaintiff's request and without cost to the Plaintiff.

**SECOND CLAIM FOR RELIEF**
**Duty to Produce Records – Injunctive Relief**

33. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

34. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

35. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff within twenty (20) business days of the date of the order the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

36. Plaintiff asks the Court to order the Defendant to prepare a *Vaughn v. Rosen* index for any withheld documents or portions thereof.

8

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

37. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

39. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### FOURTH CLAIM FOR RELIEF
### Violation of Administrative Procedure Act

40. Defendant's delay in providing the requested documents is final agency action and the reason for doing so was unreasonable under 5 U.S.C. § 706 (1) and arbitrary, capricious and contrary to law in violation 5 U.S.C. § 706 (2)(A).

41. Pursuant to 5 U.S.C. § 552(a)(4)(F), this Court should issue a recommendation to the Office of Special Counsel to discipline those SEC employees to be identified in discovery in this case who acted arbitrarily and capriciously in delaying and withholding the documents requested by NLPC.

### PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested

records within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 et seq. and must be disclosed;

4. Declare that the reasons for the delay in producing the records was agency conduct that was arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A);

5. Order Defendant to expeditiously provide the requested records to Plaintiff within twenty (20) business days of the Court's order;

6. Award Plaintiff's attorney his fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E);

7. Issue a recommendation to the Office of Special Counsel to discipline those SEC employees who acted arbitrarily and capriciously in delaying and withholding the documents requested by NLPC; and

8. Grant such other relief as this Court deems just and proper.


Date: July 15, 2026                                    Respectfully submitted,

                                                       */s/ Paul D. Kamenar, Esq.*
                                                       Law Offices Paul D. Kamenar
                                                       D.C. Bar No. 914200
                                                       1629 K Street, NW, Suite 300
                                                       Washington, DC 20006
                                                       (301) 257-9435
                                                       paul.kamenar@gmail.com