**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL LEGAL AND POLICY CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Civil Action No. 1:26-CV-02471-CJN |

# ANSWER

Defendant, the United States Securities and Exchange Commission ("SEC"), answers the correspondingly numbered paragraphs of Plaintiff's complaint ("Complaint") as follows:

1. This paragraph consists of a description of the Complaint to which no response is required. To the extent a response is deemed necessary, Defendant denies that it has failed to comply with the FOIA, that its agents made any promises they have not complied with, and that Defendant has withheld any information in violation of its statutory obligations.

2. This paragraph consists of a description of Plaintiff to which no response is required.

3. As to the allegations contained in the first sentence, Defendant admits that it is a federal agency that is headquartered in Washington, D.C. Defendant admits the allegations contained in the second sentence.

4. This paragraph sets forth conclusions of law to which no response is required.

5. This paragraph sets forth conclusions of law to which no response is required.

6. This paragraph sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies that it acted arbitrarily and capriciously or that it failed to comply with any promises or duties.

7. This paragraph sets forth conclusions of law to which no response is required.

8. As to the allegations contained in the first sentence, Defendant admits that Plaintiff submitted a FOIA request to Defendant on July 2, 2025. Plaintiff's remaining allegations contained in this sentence consist of Plaintiff's characterization of the FOIA request, to which no response is required. Defendant refers to the referenced FOIA request for a complete and accurate recitation of its contents. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence and consequently denies those allegations.

9. Defendant admits that it sent correspondence to Plaintiff on July 3, 2025. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterizations of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

10. Defendant admits that it sent correspondence to Plaintiff on July 3 and 7, 2025, and that Plaintiff sent correspondence to Defendant on July 7, 2025. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

11. Defendant admits that it sent correspondence to Plaintiff on August 8, 2025. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

12. Defendant admits that it sent correspondence to Plaintiff on August 21, 2025. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

13. Defendant admits that Plaintiff sent correspondence to Defendant on January 5, 2026, and that Defendant sent correspondence to Plaintiff on January 6, 2026. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

14. Defendant admits that Plaintiff sent correspondence to Defendant on January 7, 2026. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

15. Defendant admits that Plaintiff sent correspondence to Defendant on March 25, 2026, and that Defendant sent correspondence to Plaintiff on March 25, 2026. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

16. Defendant admits that it did not correspond with Plaintiff between March 26 and April 30, 2026.

17. As to the first sentence, Defendant admits that Plaintiff sent correspondence to Defendant on May 5, 2026. Plaintiff's remaining allegations contained in this sentence consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents. Defendant denies the allegations contained in the second sentence.

18. Defendant admits that on May 21, 2026, Plaintiff left a voice mail message for Defendant, Plaintiff sent correspondence to Defendant, and Defendant then sent correspondence to Plaintiff. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's

characterization of this communication, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

19. Defendant denies the allegations contained in this paragraph.

20. Defendant admits that Plaintiff sent correspondence to Defendant on May 26, 2026. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents. Defendant denies the allegations contained in the last sentence.

21. Defendant admits that Plaintiff sent correspondence to Defendant on June 18, 2026. Plaintiff's remaining allegations contained in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

22. Defendant admits the allegations contained in this paragraph.

23. Defendant admits that Defendant sent correspondence to Plaintiff on June 22, 2026. Plaintiff's remaining allegations in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents. To the extent a response is deemed necessary, Defendant denies that the correspondence contained misrepresentations or warnings.

24. Defendant admits that Plaintiff sent correspondence to Defendant on June 22, 2026. Plaintiff's remaining allegations in this paragraph consist of Plaintiff's characterization of this correspondence, to which no response is required. Defendant refers to the referenced correspondence for a complete and accurate recitation of its contents.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant restates each of the above answers to the allegations contained in paragraphs 1 through 25.

27. Defendant denies the allegations contained in this paragraph.

28. This paragraph sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies that it has unlawfully withheld information.

29. This paragraph sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

30. This paragraph sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and consequently denies those allegations.

31. This paragraph sets forth conclusions of law to which no response is required.

32. This paragraph consists of requests for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

33. Defendant restates each of the above answers to the allegations contained in paragraphs 1 through 32.

34. Defendant denies the allegations contained in this paragraph.

35. This paragraph consists of a request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

36. This paragraph consists of a request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

37. Defendant restates each of the above answers to the allegations contained in paragraphs 1 through 36.

38. This paragraph sets forth conclusions of law to which no response is required.

39. This paragraph consists of a request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

40. This paragraph sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

41. This paragraph consists of a request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

## PRAYERS FOR RELIEF

The remaining paragraphs of the Complaint constitute requests for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of the Complaint that is not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted as Defendant has not improperly withheld any documents under the FOIA.

### SECOND DEFENSE

Defendant expects that portions of the records that Plaintiff seeks will be exempt under various exemptions listed in the Freedom of Information Act.

### THIRD DEFENSE

Defendant is exercising due diligence in responding to the FOIA request at issue, but "exceptional circumstances" exist, within the meaning of 5 U.S.C. § 552(a)(6)(C), that prevented the SEC from processing the FOIA request at issue within the statutory timeframe.

**FOURTH DEFENSE**

Defendant reserves the right to assert any additional defenses that may become evident in these proceedings.

WHEREFORE, Defendant requests judgment dismissing the Complaint and granting such other relief as may be just.

/s/ Kevin D. Solonsky
KEVIN D. SOLONSKY
Senior Counsel
United States Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549-9613
D.C. Bar No. 437119
solonskykd@sec.gov
(202) 551-5014

Dated: August 19, 2026